IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David John Miller,<br><br>            Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>           Respondents. | No. CV 19-02686-PHX-SPL<br><br>**ORDER** |

The Court has before it, Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), the Answer from the Respondents (Doc. 10), and the Petitioner's Reply. (Doc. 11) Additionally, the Court is in receipt of the Report and Recommendation of the Magistrate Judge (Doc. 14), Petitioner's Objections (Doc. 17), and Petitioner's Application for Certificate of Appealability from the District Court. (Doc. 18)

In the instant Petition, the Petitioner alleges: (1) the trial counsel failed to interview 2 witnesses that the Petitioner believed would have provided exculpatory information; (2 and 3) the trial counsel failed to object to testimonial hearsay and failed to object to the prosecutor's alleged misconduct during closing arguments; (4) the appellate counsel was ineffective because he failed to raise the prosecutor's alleged misconduct and that cumulative errors violated Petitioner's Sixth Amendment and due process rights. (Doc. 1 at 4-31)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a

timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations of the Magistrate Judge have also been thoroughly considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Bibles. Having carefully reviewed the record, the Petitioner has presented arguments that appear to be unsupported conclusions devoid of merit. Furthermore, this Court also failed to find cumulative error that deprived the Petitioner of due process and Sixth amendment rights. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 14) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 17) are **overruled**;

3. That the Petitioner's Application for Certificate of Appealability from the District Court (Doc. 18) is **denied** as moot.

4. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

5. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified; and

6. That the Clerk of Court shall enter judgment according and terminate this action.

Dated this 24th day of August 2020.

Honorable Steven P. Logan
United States District Judge